**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Timothy J. EDENBURN, Defendant–Appellant.**

**No. 02–4711.**

United States Court of Appeals, Fourth Circuit.

Submitted June 6, 2003.

Decided June 26, 2003.

---

**3.** Ballard relies heavily on the legislative history of § 523(a)(15) for his claim that a debt should always be discharged unless the payee will suffer a substantial detriment upon discharge. The legislative history states: "The benefits of the debtor's discharge should be sacrificed [that is, the debt should not be discharged] only if there would be substantial detriment to the nondebtor spouse that outweighs the debtor's need for a fresh start." H.R. Rep. 103–835, at 54 (1994). Under this reading, Ballard's debt would be discharged under the first *two* scenarios, and possibly even in the third scenario if the detriment to Ferraro from discharge were not "substan-

tial." The plain language of the statute, however, has a different test: The debt should be discharged when "discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to [the] spouse." 11 U.S.C.A. § 523(a)(15)(B). "[W]here, as here, the statute's language is plain, the sole function of the courts is to enforce it according to its terms" without any reference to legislative history. *United States v. Ron Pair Enters., Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). Accordingly, we follow the plain language of the statute.

Frank W. Dunham, Jr., Federal Public Defender, Larry M. Dash, Assistant Federal Public Defender, Norfolk, Virginia, for Appellant. Laura P. Tayman, Office of the United States Attorney, Norfolk, Virginia, for Appellee.

Before LUTTIG, MOTZ, and GREGORY, Circuit Judges.

Dismissed by unpublished PER CURIAM opinion.

PER CURIAM.

Timothy J. Edenburn seeks to appeal his conviction and 64–month sentence imposed pursuant to a guilty plea and written plea agreement to conspiracy to possess with intent to distribute MDMA (ecstasy), in violation of 21 U.S.C. §§ 841(a)(1), 846 (2000). The Government has filed a motion to dismiss the appeal. We grant the Government's motion to dismiss because Edenburn waived his right to appeal his sentence in his written plea agreement, and the only issue raised on appeal is a challenge to Edenburn's sentence. Further, the brief filed on Edenburn's behalf pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), acknowledges that Edenburn's guilty plea was knowing and voluntary. Edenburn has failed to file a pro se supplemental brief despite being notified of his opportunity to do so. In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED.*